D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
FERRING B.V.,

                Plaintiff,

-against-

FERA PHARMACEUTICALS, LLC,

                Defendants.
---------------------------------------------------------X

**ORDER**
13-CV-4640 (SJF)(AKT)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y
★ SEP 29 2014 ★
LONG ISLAND OFFICE

FEUERSTEIN, J.

Plaintiff Ferring B.V. ("plaintiff" or "Ferring") brings this action against defendant Fera Pharmaceuticals, LLC ("defendant" or "Fera"), alleging trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and the common law. [Docket Entry No. 1 (the "Complaint")]. In its answer to the Complaint, defendant Fera asserted four counterclaims against plaintiff. [Docket Entry No. 46 (the "Am. Answer and Am. Counterclaims")].[1] Plaintiff moved to dismiss defendant's First, Second, Third and Fourth Counterclaims. [Docket Entry No. 37 (the "Motion to Dismiss")]. Now before the Court is the Report and Recommendation of Magistrate Judge A. Kathleen Tomlinson dated August 13, 2014 (the "Report") that plaintiff's motion to dismiss be granted in part and denied in part. [Docket

---

[1] After filing its initial answer and counterclaims, defendant filed an amended answer and amended counterclaims, which plead two new, additional counterclaims (the "Fifth and Sixth Counterclaims") but do not amend the First, Second, Third or Fourth Counterclaims. [Docket Entry No. 46]. On April 18, 2014, plaintiff moved to dismiss the Fifth and Sixth Counterclaims for failure to state a claim. [Docket Entry No. 57]. That motion was referred to Magistrate Judge A. Kathleen Tomlinson for a Report and Recommendation and is still under review. [Electronic Order, May 27, 2014]. All citations herein to defendant's answer and counterclaims are to the Am. Answer and Am. Counterclaims.

1

Entry No. 78].[2] On August 27, 2014, defendant filed an objection to the Report ("Obj."). [Docket Entry No. 84]. On September 10, 2014, plaintiff filed a response to defendant's objection ("Rep. to Defs.' Obj."). [Docket Entry No. 86]. The Court has fully considered the parties' submissions. For the reasons that follow, the Court adopts the Report in its entirety.

I.   Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of N.Y.*, Nos. 06-cv-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b); *Johnson v. Goord*, 487 F. Supp. 2d 377, 379 (S.D.N.Y. 2007), *aff'd*, 305 F. App'x 815 (2d Cir. Jan. 9, 2009); *Baptichon v. Nev. State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[2]   The facts underlying this action are set forth in the Report and are hereby incorporated by reference.

II. Discussion

    A.    Defendant's Objection to the Report's Dismissal of the Third Counterclaim

Defendant "objects to the recommendations made at pages 19 – 21 of the Report and Recommendation" (Obj. ¶ 1) and argues that its "Third and Fourth[3] Counterclaims for cancellation of Ferring's incontestable marks based on the non-use of the mark in commerce state valid claims for full or partial cancellation and/or modification as to Ferring's marks, whether registered for longer than 5 years or not" (Obj. ¶ 9) because "incontestable marks can be challenged based on equitable grounds…pursuant to 15 U.S.C. § 1068, 15 U.S.C. § 1115(b), and 15 U.S.C. § 1119." Obj. ¶ 6. Accordingly, the Court is required to conduct a *de novo* review of the portion of the Report found on pages 19 – 21 dismissing defendant's Third Counterclaim as it relates to plaintiff's incontestable marks.[4] Upon *de novo* review of this portion of the Report and consideration of the defendant's objection and the plaintiff's responses thereto, the Court overrules the objection and accepts the Report in its entirety.[5]

---

[3]     While defendant argues in its objection that its Third and Fourth Counterclaims state a valid cause of action (Obj. ¶¶ 1, 9, 12-13), it fails to make any specific objections to the Report's analysis regarding the Fourth Counterclaim and in fact, states that it is only objecting to "the recommendations made at pages 19 – 21" (Obj. ¶ 1) which pertain to the Third Counterclaim. Therefore, the Court will conduct a *de novo* review only of the portion of the Report on pages 19 – 21 dismissing defendant's Third Counterclaim.

[4]     Defendant's Third Counterclaim seeks cancellation or modification of the following of plaintiff's incontestable U.S. Trademark Registrations: U.S. Registration No. 1,431,684 (for FERRING), U.S. Registration No. 2,731,962 (for FERRING), U.S. Registration No. 2,739,883 (for FERRING), U.S. Registration No. 3,232,088 (for FERRING PHARMACEUTICALS). Defendant's Third Counterclaim also seeks cancellation of one of plaintiff's non-incontestable trademarks: U.S. Registration No. 3,662,266 (for FERRING). Defendant does not object to the Report's finding that defendant has properly pleaded a claim for cancellation with regard to plaintiff's non-incontestable mark (Report, at 19), and the Court finds no clear error in the Report's conclusion on this point.

[5]     Defendant has not objected to any portion of the Report other than the Report's dismissal of its Third Counterclaim. Upon review of the remainder of the Report, the Court is satisfied that the Report is not facially erroneous. Accordingly, the Court accepts and adopts the remainder of the Report.

B.  Grounds for Cancellation of an Incontestable Trademark Under the Lanham Act

A trademark gains "incontestable" status after it "has been in continuous use for five consecutive years subsequent to the date of registration and is still in use in commerce…" 15 U.S.C. § 1065 (including other conditions not at issue here). Incontestable trademarks are "conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce." 15 U.S.C. § 1115(b).

While the Lanham Act gives federal courts the power to, *inter alia*, cancel a registration, in whole or in part,[6] the Supreme Court has found that this "power of the courts to cancel registrations and 'to otherwise rectify the register,' § 37, 15 U.S.C. § 1119, must be subject to the specific provisions concerning incontestability." *Park 'N Fly v. Dollar Park and Fly*, 469 U.S. 189, 203, 105 S. Ct. 658, 666, 83 L. Ed. 2d 582 (1985). The specific provisions concerning incontestability in the Lanham Act are 15 U.S.C. § 1064 and 15 U.S.C. § 1115(b). Therefore, a request to cancel an incontestable trademark is subject to the specific permissible grounds for cancellation of an incontestable trademark in 15 U.S.C. § 1064 and the defenses to incontestability status in 15 U.S.C. § 1115(b). *See Levi Strauss & Co. v. GTFM, Inc.*, 196 F. Supp. 2d 971, 983 (N.D. Cal. 2002) ("an incontestable registration constitutes conclusive evidence of the registrant's right to use the mark, subject to the conditions of § 1064 and the exceptions enumerated in § 1115(b)").

---

[6]  Pursuant to 15 U.S.C. § 1119, "[i]n any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Director, who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby." 15 U.S.C. § 1119.

4

C.  Defendant has not Adequately Pled a Claim for Cancellation of Plaintiff's Incontestable Trademark

Defendant does not object to the Report's finding that it has failed to allege any of the grounds for cancellation specified in 15 U.S.C. § 1064 because "failure to use" is not a ground for cancellation of an incontestable trademark under that section of the Lanham Act. *See* Report, at 21-24. Rather, defendant objects to the Report's conclusion that "in order to adequately plead cancellation of Plaintiff's incontestable marks, Defendant must allege one of the grounds specifically enumerated in the Lanham Act." Report, at 21. In its objection, defendant argues that cancellation of plaintiff's incontestable marks "based on plaintiff's failure to use" (Am. Answer and Am. Counterclaims ¶¶ 115-17) the marks can be achieved through: (1) "equitable principles, including laches, estoppel, and acquiescence," which are defenses to incontestability (*See* 15 U.S.C. § 1115(b)(9)); and/or (2) "the equitable power to cancel a trademark registration" pursuant to 15 U.S.C. § 1068 and the Trademark Trial and Appeal Board (T.T.A.B)'s decision in *Eurostar Inc. v. Euro Star Reitmoden*, 34 U.S.P.Q. 2d 1266, 1995 WL 231387 (T.T.A.B. 1994). *See* Obj. ¶¶ 1-7. For the reasons discussed herein, both of these arguments fail.

Defendant raises its argument regarding 15 U.S.C. § 1115(b)(9)'s equitable defenses for the first time in its opposition papers.[7] Additionally, defendant has failed to explain how non-use is an equitable principle within the meaning of 15 U.S.C. § 1115(b)(9) other than to summarily state, in its objection to the Report, that "such grounds are equitable in nature because it would be inequitable to allow a registrant to assert likelihood of confusion against a party when it is not

---

[7]   Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Dismiss argues that "the counterclaims also state valid claims for cancellation pursuant to thec equitable principles enumerated in 15 U.S.C. § 1115(b)(9)." [Docket Entry No. 39 (Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Dismiss ("Def's. Mem."), at 14)]. However, in its Third Counterclaim, defendant requested cancellation under 15 U.S.C. §§ 1119, 1064 and 1068, and did not mention 15 U.S.C. § 1115(b)(9)) or any equitable grounds for relief. *See* Am. Answer and Am. Counterclaims ¶¶ 114-18.

using the trademark on all the goods described." Obj. ¶ 7. The Court need not decide here whether defendant's statement adequately pleads an equitable defense to plaintiff's incontestable marks under 15 U.S.C. § 1115(b)(9)[8] because the Court will "not consider arguments made for the first time in opposition to a motion." *McCloud v. Cutler*, 06-cv-5443, 2008 WL 906701, at *3, n.4 (E.D.N.Y. Apr. 3, 2008) ("it is axiomatic that [a][c]omplaint cannot be amended by the briefs in opposition to a motion to dismiss") (internal citations omitted); *see also Bose Corp. v. Lightspeed Aviation, Inc.*, 691 F. Supp. 2d 275, 280 (D. Mass. 2010) (granting motion to dismiss where counterclaimant argued "in its *opposition* that it may prevail on its second counterclaim based on the 'equitable principles' exception found in 15 U.S.C. § 1115(b)(9)" but failed to plead "this 'equitable principles' relief theory in its *counterclaim*," nor "reference 15 U.S.C. § 1115(b)(9)...[or] any of the equitable principles listed in 15 U.S.C. § 1115(b)(9), such as laches, estoppel, or acquiescence" in its counterclaim) (emphasis in original).

---

[8] It should be noted that "[t]he ability to raise "equitable principles" as a defense does not open the door to any and all defenses." 6 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 32:151 (4th ed. 2009); *see also Levi Strauss & Co.*, 196. F. Supp. 2d at 983 ("If a challenger were permitted to raise any and all non-enumerated defenses under the guise of "equitable principles," incontestable status would be superfluous, and incontestability would add nothing to the protections against cancellation already provided in § 1064. This would surely "expand the meaning of equity to the point of vitiating" the distinction between contestability and incontestability" (citing *Park 'N Fly*, 469 U.S. at 197)). Applying "the statutory interpretation doctrine of *ejustem genersis* that general words are to be read as applying only to other things akin to or in the same class as the accompanying specific words," commentators have found that equitable defenses under 15 U.S.C. § 1115(b)(9) are "limited to defenses traditionally and historically in the same class as laches, estoppel and acquiescence." 6 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 32:151 (4th ed. 2009). As noted above, the Court need not address here whether defendant's statement regarding "failure to use" as an equitable defense adequately pleads allegations to support an equitable defense in the same category as laches, estoppel, or acquiescence.

Defendant's second argument – that pursuant to 15 U.S.C. § 1068[9] and the T.T.A.B.'s decision in *Eurostar Inc. v. Euro Star Reitmoden*, 34 U.S.P.Q. 2d 1266, 1995 WL 231387 (T.T.A.B. 1994), a court "can cancel a mark in whole or in part whether or not the mark has been registered for longer than 5 years and can do so on any equitable ground whether or not enumerated in 15 U.S.C. 1115(b)" (Obj. ¶ 2.) – is also unavailing for two reasons. First, in *Eurostar*, the T.T.A.B. held that it would permit restrictions under 15 U.S.C. § 1068 "only if the petitioner alleges (and later proves) that a *likelihood of confusion* will be avoided if the registration is restricted in the manner sought by the petition." *Eurostar Inc. v. Euro Star Reitmoden*, 34 U.S.P.Q.2d 1266, 1995 WL 231387, at *7 (T.T.A.B. 1994) (emphasis added). Here, defendant has not alleged that the relief it seeks pursuant to 15 U.S.C. § 1068 will avoid a likelihood of confusion; in fact, defendant has pled just the opposite, stating in its counterclaim that "[t]here is no likelihood of confusion between Fera's marks and plaintiff's marks." Am. Answer and Am. Counterclaims ¶ 92. Because the relief defendant has requested is "not supported by claims that the requested restrictions would avoid findings of likelihood of confusion," *Eurostar* is inapplicable here. *Eurostar Inc.*, 1995 WL 231387, at *5.

Second, subsequent decisions by the T.T.A.B. make clear that *Eurostar* does not impact the Supreme Court's holding in *Park 'N Fly* that that the power of a court to cancel or modify a registration, including under 15 U.S.C. § 1068, must be subject to the specific grounds for cancellation in 15 U.S.C. § 1064. In *Montecash LLC v. Aznar Enterprises, Inc.*, 95 U.S.P.Q.2d

---

[9] Pursuant to 15 U.S.C. § 1068, the Director of Trademarks may, in interference, opposition, and proceedings for concurrent use registration or for cancellation, "cancel the registration, in whole or in part, may modify the application or registration by limiting the goods or services specified therein, may otherwise restrict or rectify with respect to the register the registration of a registered mark, may refuse to register any or all of several interfering marks, or may register the mark or marks for the person or persons entitled thereto, as the rights of the parties hereunder may be established in the proceedings." 15 U.S.C. § 1068.

7

1060, 2010 WL 1847596 (T.T.A.B. 2010), the T.T.A.B. dismissed a petition to cancel where the petitioner sought relief under 15 U.S.C. § 1068 "notwithstanding that §14(3) [15 U.S.C. § 1064(3)] does not provide such a basis" for relief. *Montecash LLC v. Aznar Enterprises, Inc.*, 95 U.S.P.Q.2d, 1060, 2010 WL 1847596, at *5 (T.T.A.B. 2010). The T.T.A.B. found that "to allow the petitioner the relief it seeks under Section 18 [15 U.S.C. § 1068] would be inconsistent with the plain wording of both Sections 14(3) and 18." *Id.* (citing to *Park 'N Fly v. Dollar Park and Fly, Inc.* 469 U.S. 189 (1985)). After *Park 'N Fly*, *Eurostar*, and *Montecash*, it is clear that the power of courts to cancel or restrict registrations "must be subject to the specific provisions concerning incontestability," in the Lanham Act. *Park 'N Fly*, 469 U.S. at 203.

Because "failure to use" is not a valid ground for cancellation of an incontestable trademark under any provision of the Lanham Act, Defendant's Third Counterclaim must be dismissed for failure to allege a legally sufficient basis for cancellation or partial cancellation of plaintiff's incontestable registrations. Defendant's objection to the Report's dismissal of its Third Counterclaim is overruled and the Report is accepted in its entirety.

D.  Leave to Amend

Magistrate Judge Tomlinson left to this Court the determination of whether to grant defendant's request, in its opposition brief, that "to the extent the court finds its counterclaims are not sufficiently pled in whole or in part...it be provided leave to amend and supplement its counterclaims." Def's Mem., at 16.

Federal Rule of Civil Procedure 15(a) provides that a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). However, "[a] plaintiff need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint." *TechnoMarine SA v.*

*Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014); *see also City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG,* 752 F.3d 173, 188 (2d Cir. 2014) (denying leave to amend where "plaintiffs have identified no additional facts or legal theories—either on appeal or to the District Court—they might assert if given leave to amend").

The Court denies defendant's request to amend because defendant has failed to explain what allegations it would add or amend to cure any pleading defects in its counterclaims. *See In re Goldman Sachs Mortgage Servicing S'holder Derivative Litig.*, 11-civ-4544, 2012 WL 3293506, at *11 (S.D.N.Y. Aug. 14, 2012) (denying leave to amend where plaintiffs failed to advise the court of how an amendment would cure defects in the complaint).

III. CONCLUSION

For the foregoing reasons, defendant's objection is overruled and this Court adopts the Report in its entirety. Accordingly, the Court orders that: (1) plaintiff's motion to strike the First and Second Counterclaims is denied; (2) plaintiff's motion to dismiss the Third Counterclaim is granted except to the extent the Third Counterclaim seeks to cancel U.S. Registration No. 3,662,266; (3) plaintiff's motion to dismiss the Fourth Counterclaim is granted; and (4) defendant's request for leave to amend is denied.

**SO ORDERED.**

_____
Sandra J. Feuerstein
United States District Judge

Dated: September 29, 2014
      Central Islip, New York