UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FERRING B.V.,

                Plaintiff,

-against-

FERA PHARMACEUTICALS, LLC,

                Defendants.
------------------------------------------------------------X
FEUERSTEIN, J.

**ORDER**
13-CV-4640 (SJF)(AKT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 2 : 2015 ★
LONG ISLAND OFFICE

Plaintiff Ferring B.V. ("plaintiff" or "Ferring") brings this action against defendant Fera Pharmaceuticals, LLC ("defendant" or "Fera"), alleging trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and the common law. Docket Entry No. 1 (the "Complaint"). In its answer, defendant asserted four counterclaims[1] against plaintiff and filed an amended answer and amended counterclaims to plead two additional counterclaims (the "Fifth and Sixth Counterclaims"). Docket Entry No. 46 (the "Am. Answer and Am. Counterclaims"). On April 18, 2014, plaintiff moved to dismiss the Fifth and Sixth Counterclaims. Docket Entry No. 57 ("Motion to Dismiss the Fifth and Sixth Counterclaims"). Now before the Court is the Report and Recommendation of Magistrate Judge A. Kathleen Tomlinson dated January 8, 2015 (the "Report") that plaintiff's Motion to Dismiss the Fifth and Sixth Counterclaims be granted in part and denied in part. Docket Entry No. 104.[2] On January

---

[1]     On September 29, 2014, this Court adopted in its entirety a report and recommendation from Magistrate Judge A. Kathleen Tomlinson and denied plaintiff's motion to strike defendant's first and second counterclaims, granted plaintiff's motion to dismiss the third counterclaim except as to one registration, granted plaintiff's motion to dismiss the fourth counterclaim and denied defendant leave to amend its counterclaims. Docket Entry No. 89.

[2]     The facts underlying this action are set forth in the Report and are hereby incorporated by reference.

1

22, 2015, defendant filed objections to the Report [Docket Entry No. 109 ("Def. Obj.")] to which plaintiff responded on February 6, 2015. Docket Entry No. 111 ("Pl. Resp. to Def. Obj."). On January 26, 2015, plaintiff filed objections to the Report [Docket Entry No. 110 ("Pl. Obj.")], to which defendant responded on February 12, 2015. Docket Entry No. 112 ("Def. Resp. to Pl. Obj."). The Court has fully considered the parties' submissions. For the reasons that follow, the Court adopts the Report's recommendation to grant plaintiff's motion to dismiss defendant's Fifth Counterclaim and deny defendant leave to amend the Fifth Counterclaim, and adopts the Report's recommendation to deny plaintiff's motion to dismiss the Sixth Counterclaim as to Registration No. 3,232,088, and to grant plaintiff's motion to dismiss the Sixth Counterclaim as to Registration Nos. 4,054,348 and 4,054,349 without prejudice to defendant filing an amended Sixth Counterclaim.

I.  STANDARD OF REVIEW

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of N.Y.*, Nos. 06-cv-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be

satisfied that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b); *Johnson v. Goord*, 487 F. Supp. 2d 377, 379 (S.D.N.Y. 2007), *aff'd*, 305 F. App'x 815 (2d Cir. Jan. 9, 2009); *Baptichon v. Nev. State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## II. DISCUSSION

### A. Fifth Counterclaim

Defendant objects to: (1) the Report's recommendation that the Fifth Counterclaim "fail[s] to allege a ground under the Trademark Act sufficient to prevent the registrations in the first instance for marks registered for less than five (5) years" (Def. Obj., at 8-12) and (2) the Report's recommendation that the Fifth Counterclaim does not plead a claim for cancellation in whole or in part under 15 U.S.C. § 1068 ("Section 18"), and the Report's application of the Trademark Trial and Appeal Board (T.T.A.B)'s decision in *Eurostar Inc. v. Euro Star Reitmoden*, 34 U.S.P.Q. 2d 1266, 1995 WL 231387 (T.T.A.B. 1994) ("*Eurostar*"). Def. Obj., at 2-8.[3]

1. Fifth Counterclaim Fails to Allege a Ground Under the Trademark Act Sufficient to Prevent the Registrations of the Non-Incontestable Marks in the First Instance

---

[3] To the extent that defendant raises new arguments in its objections citing to 15 U.S.C. § 1051 and 37 C.F.R. § 2.34, and to 37 C.F.R. § 2.61(b) and asserts that it intended to cite 37 C.F.R. § 2.61(b) in its Fifth Counterclaim when it cited to 37 C.F.R. § 2.61(c) (Def. Obj., at 18, n.2), the arguments will not be considered because "'[i]n this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.'" *Zhao v. State University of New York*, No. 04-civ-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) (quoting *Illis v. Artus*, No. 06-civ-3077, 2009 WL 2730870, at *2 (E.D.N.Y. Aug. 28, 2009)); *see also U.S. Bank Nat. Ass'n v. 2150 Joshua's Path, LLC*, No. 13-civ-1598, 2014 WL 4542950, at *2 (E.D.N.Y. Sept. 10, 2014) (defendants waived argument raised for the first time in objections to a Report and Recommendation but not raised in their opposition).

Fera objects to the Report's finding that the Fifth Counterclaim does not state a claim for relief under Trademark Manual of Examining Procedure ("TMEP") § 1402.03(c) for Ferring's non-incontestable marks. Def. Obj., at 9. "Under the Lanham Act, registrations less than five years old may be cancelled for any reason which would have been sufficient to deny registration in the first instance." *Aerogroup Int'l, Inc. v. Marlboro Footworks, Ltd.*, 977 F. Supp. 264, 267 (S.D.N.Y. 1997) (internal citations omitted). "The 'valid ground' that must be alleged and ultimately proved by a cancellation petitioner must be a *statutory* ground which negates the appellant's right to the subject registration." *Young v. AGB Corp.*, 152 F.3d 1377, 1380 (Fed. Cir. 1998) (internal citations omitted)(emphasis added).

In its Fifth Counterclaim, Fera requests cancellation of Ferring's trademark registrations that describe the relevant goods as "a full line of pharmaceuticals" (Am. Answer and Am. Counterclaims ¶ 124) because Ferring has not established sufficient use for a "full line" of pharmaceutical products as required by the TMEP § 1402 *et seq. Id.* ¶ 127. Defendant's objections to the Report's finding "that the Fifth Counterclaim does not state a claim under TMEP § 1402.03(c)" (Def. Obj., at 9) and defendant's argument that "a violation of Section 1402.03(c) of the Trademark Manual of Examining Procedure is also a violation of the Federal Trademark Regulations upon which that section is based and thus registration should have been denied to Ferring" (Def. Obj., at 12-13) are unavailing because "the TMEP is not a statute" (*Horizon Healthcare Servs., Inc. v. Allied Nat., Inc.*, No. 03-civ-4098, 2006 WL 344277, at *10 (D.N.J. Feb. 14, 2006)) and the "valid ground that must be alleged and ultimately proved by a cancellation petitioner must be a *statutory* ground which negates the appellant's right to the subject registration." *Young*, 152 F.3d at 1380 (internal citations omitted)(emphasis added); *see also Nsm Res. Corp.; & Huck Doll LLC v. Microsoft Corp.*, 113 U.S.P.Q.2d 1029, 2014 WL

4

7206403, at *5, n.7 (P.T.O. Nov. 25, 2014) ("Although it sets forth the guidelines and procedures followed by the examining attorneys at the PTO, the TMEP does not have the force and effect of law. Accordingly, mere reference to the TMEP does not in itself constitute proper pleading of grounds for cancellation." (citations omitted)). Therefore, the Report correctly concluded that defendant has not demonstrated that *any* edition of TMEP § 1402.03(c) provides valid statutory grounds for cancellation of plaintiff's marks. *See* Report, at 16-17.

In light of the above, the Court need not consider the parties' arguments regarding whether the version of the TMEP in place at the time the trademarks were registered contained certain requirements relating to registrations for a "full line of pharmaceuticals." Def. Obj., at 9-12. The Court accepts the Report's recommendation that, to the extent the Fifth Counterclaim seeks cancellation of Plaintiff's non-incontestable marks based on Plaintiff's failure to comply with TMEP § 1402.03(c), the Fifth Counterclaim fails to state a claim for which relief can be granted. *See* Report at 16-17.[4]

    2. Fifth Counterclaim Does Not Allege a Basis for Partial Cancellation Under 15 U.S.C. § 1068

Defendant objects to the Report's dismissal of its Fifth Counterclaim to the extent it seeks relief pursuant to 15 U.S.C. § 1068 (Section 18). Defendant contends that the Fifth Counterclaim "asserts a valid claim for cancellation (in whole or in part) of Ferring's incontestable mark, and Ferring's marks registered for less than 5 years, to reflect Ferring's actual use of the marks in commerce" under Section 18 of the Lanham Act. Def. Obj., at 8. Pursuant to Section 18, the Director of Trademarks may, in interference, opposition, and

---

[4] As *In re Astra Merck*, 50 U.S.P.Q.2d 1216, 1999 WL 221657 (T.T.A.B.1998) does not speak to whether post-registration cancellation or partial cancellation is the proper remedy for a purported failure to comply with the requirements of the TMEP in the initial registration, it does not alter the above analysis.

5

proceedings for concurrent use registration or for cancellation, "cancel the registration, in whole or in part, may modify the application or registration by limiting the goods or services specified therein, may otherwise restrict or rectify with respect to the register the registration of a registered mark...." 15 U.S.C. § 1068. In *Eurostar*, the T.T.A.B. held the following:

> "No provision of the Trademark Act requires--and nothing in the legislative history of the Act suggests--that a pleading and proof of specific grounds for cancellation (such as abandonment) are a condition precedent to the Board's exercise of its authority under Section 18. The restriction provisions of Section 18 are in the nature of an equitable remedy and may be invoked when the proofs show that restriction is equitable and appropriate (that is, when the proofs show that the entry of a restriction will avoid a finding of likelihood of confusion).

*Eurostar*, 1995 WL 231387, at *6, n.3. *Eurostar* overruled previous cases where the Board, invoking its power under Section 18 to partially cancel or restrict registrations, had required pleading of a statutory ground for cancellation but had not required the party to plead likelihood of confusion, and held that the Board will not invoke its authority under Section 18 "in the absence of a pleading and proof that a finding of likelihood of confusion can be avoided by such a restriction." *Id.* at *6.

It is unclear whether *Eurostar* applies to trademark infringement disputes in federal courts and not solely to *inter party* proceedings before the T.T.A.B. The Lanham Act gives federal courts the power to "determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." 15 U.S.C. § 1119. While the net effect of this section to give courts concurrent power with the Patent and Trademark Office to conduct cancellation proceedings (*see Patsy's Italian Rest., Inc. v. Banas*, 508 F. Supp. 2d 194, 206 (E.D.N.Y. 2007) ("Under Section 37 of the Lanham Act, 15 U.S.C. § 1119, the federal

6

courts have concurrent power with the PTO to restore a cancelled registration and to cancel a trademark registration")), federal courts have noted that this power of the court is "to conduct cancellation proceedings *pursuant to section 14 of the Lanham Act, 15 U.S.C. § 1064.*" *Mears v. Montgomery*, No. 02-civ-0407, 2004 WL 964093, at *12 (S.D.N.Y. May 5, 2004) (emphasis added).

In any event, the Fifth Counterclaim must be dismissed for failure to demonstrate that likelihood of confusion will be avoided by the proposed restriction. As defendant concedes, under *Eurostar*, the "authority to partially cancel or restrict the goods and services in trademark registrations based on the equitable remedy in Section 18 (15 U.S.C. § 1068) should be exercised where it will avoid a finding of likelihood of confusion and not where the requested cancellation or restriction is "divorced" from the question of likelihood of confusion." Def. Obj., at 4 (citing *Eurostar*). Defendant contends that despite the lack of any pleading in its counterclaims related to the issue of "likelihood of confusion," that element exists in this case because *plaintiff* "has pled likelihood of confusion" and defendant "has denied any such likelihood and has asserted a valid counterclaim for cancellation of Ferring's trademarks." Def. Obj., at 5. Even if the Court were to agree that plaintiff's invocation of likelihood of confusion in its trademark infringement claims is sufficient to impute the "likelihood of confusion" element to defendant's counterclaims for cancellation, the Fifth Counterclaim still fails to state a claim as "a party [seeking to invoke Section 18] [must] plead[] and prove[]: (i) the entry of a proposed restriction to the goods or services in its opponent's application or registration will avoid a finding of likelihood of confusion and (ii) the opponent is not using its mark on those goods or services that will be effectively excluded from the application or registration if the proposed restriction is entered." *Eurostar*, 1995 WL 231387, at *5. Defendant has failed to plead any facts showing how the

7

entry of the restriction it seeks will avoid a finding of likelihood of confusion, and therefore has not sufficiently pled a claim for relief under 15 U.S.C. § 1068. *See Dak Indus. Inc. v. Daiichi Kosho Co.*, 35 U.S.P.Q.2d 1434, 1995 WL 454108, at * 3 (P.T.O. May 11, 1995) ("Board will not exercise its authority under Section 18 to permit an action for partial cancellation by restriction or modification of the goods listed in an application or registration where such a claim is divorced from the question of likelihood of confusion"); *Ideasone, Inc. v. Nationwide Better Health, Inc.*, 89 U.S.P.Q.2d 1952, 2009 WL 663070, at *2 (P.T.O. Mar. 12, 2009) (*Eurostar* "set forth the elements for stating a proper claim for partial cancellation or restriction of a registration under Section 18. A petitioner must plead that the proposed restriction will avoid a likelihood of confusion….").

### 3. Fifth Counterclaim Does Not Allege a Basis for Full Cancellation Under 15 U.S.C. § 1068

With respect to defendant's request for full cancellation of plaintiff's trademark registrations, defendant has not demonstrated that the holding of *Eurostar*, a case which spoke only to *partial* cancellation or restrictions (*see Eurostar*, 1995 WL 231387, at *8 ("we should not have required parties merely *seeking restrictions in identifications* in an attempt to avoid a likelihood of confusion to assert a ground for cancellation (nonuse or abandonment)" (concurring opinion) (emphasis added)); *Ideasone, Inc.*, 2009 WL 663070, at *3 ("[t]he underlying intent of *Eurostar* was to overrule prior case law that did not require a pleading of likelihood of confusion to state a proper claim for *partial cancellation* under Section 18" (emphasis added))), alters the general rule that to prevail on a cancellation claim, "[t]he party seeking cancellation must prove two elements: (1) that it has standing; and (2) that there are valid grounds for canceling the registration." *Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 945 (Fed. Cir. 2000). "Under the Lanham Act, registrations less than five years old may be cancelled 'for any reason which would

8

have been sufficient to deny registration in the first instance'" (*Aerogroup Int'l, Inc.*, 977 F. Supp. at 267 (citations omitted)) or pursuant to the specific grounds in the Act made applicable to cancellation of a registration at any time under 15 U.S.C. § 1064 ("Section 14"). Once a trademark gains "incontestable" status (15 U.S.C. § 1065), it can be canceled only on those grounds specifically set forth in the Act. *See Park 'N Fly v. Dollar Park and Fly*, 469 U.S. 189, 203, 105 S. Ct. 658, 666, 83 L. Ed. 2d 582 (1985).

The Report correctly concluded that the Fifth Counterclaim fails to allege a ground under the Trademark Act sufficient to prevent the registrations of the non-incontestable marks in the first instance. Defendant contends that full cancellation of plaintiff's trademark registrations is permitted pursuant to Section 18 because "Ferring is not using its marks as claimed in the applications and registrations on a full line of pharmaceutical products" (Def. Obj., at 2) however, "[w]hile Section 18 provides the authority to partially cancel, restrict or modify a registration, it must be construed together with the other statutory sections, such as Section 14." *Johnson & Johnson & Roc Int'l S.A.R.L.*, 104 U.S.P.Q.2d 2037, 2012 WL 2166311, at *3 (P.T.O. May 16, 2012); *see also Montecash LLC*, 95 U.S.P.Q.2d 1060, 2010 WL 1847596, at *5 (P.T.O. May 7, 2010) (requested relief for a disclaimer for registration more than five years old not available under Section 18 because "to allow petitioner the relief it seeks under Section 18 would be inconsistent with the plain wording of both Sections 14(3) and 18"). Even after *Eurostar*, federal courts have not found that Section 18 permits complete cancellation of a trademark registration where no proper ground for cancellation under the Lanham Act exists, but rather have continued to adhere to the rule that "courts may order cancellation *for any of the reasons enumerated in Section 14 of the Act, 15 U.S.C. § 1064.*" *Aini v. Sun Taiyang Co.*, 964 F. Supp. 762, 780 (S.D.N.Y. 1997) (emphasis added), *aff'd sub nom. Topiclear Beauty v. Sun Taiyang*

9

*Co.*, 159 F.3d 1348 (2d Cir. 1998); *see also Pepper Patch, Inc. v. Bell Buckle Country Store, Inc.*, No. 3:05-0328, 2006 WL 2037560, at *6 (M.D. Tenn. July 18, 2006) (in considering cancellation of a trademark registration, "a court is restricted to the grounds for administrative revocation of a trademark found in 15 U.S.C. § 1064" (citing *Shakespeare Co. v. Silstar Corp.*, 9 F.3d 1091, 1097 (4th Cir. 1993))). The Report correctly concluded that "[n]othing in 15 U.S.C. § 1064 provides for an incontestable registration to be cancelled [for failure to use its mark in connection with a full line of pharmaceuticals]." Report, at 18-19.

4. Leave to Amend

Defendant has requested leave to amend to add "an express allegation that the requested cancellation will avoid any likelihood of confusion" (Def. Obj., at 5), but has neither submitted a proposed amended pleading nor demonstrated how the restriction would avoid a likelihood of confusion; therefore, leave to amend the Fifth Counterclaim is denied. *See Schwasnick v. Fields*, No. 08-civ-4759, 2010 WL 2679935, at *11 (E.D.N.Y. June 30, 2010) ("The court may also deny leave to amend where the Plaintiff[] fails to submit a proposed pleading and does not explain why." (citation omitted)); *La Barbera v. Ferran Enters., Inc.*, No. 05-civ-2678, 2009 WL 367611, at *3 (E.D.N.Y. Feb. 10, 2009) ("Denial of the motion to amend is warranted by Plaintiffs' unexplained failure to submit a proposed pleading").

B. Sixth Counterclaim

1. Registration No. 3,232,088

Plaintiff objects to the Report's finding that defendant properly pleaded fraud with respect to its Sixth Counterclaim seeking cancellation of U.S. Registration No. 3,232,088. Pl. Obj., at 7 (citing Report, at 34, n.9). Plaintiff argues that because "[p]leading fraud requires that the party allege, inter alia, that the registrant intended to induce the PTO to act in reliance on the

10

misrepresentation" (Pl. Obj., at 8 (citations omitted)), the Report erroneously found that "the allegations related to the Declaration may be read to implicitly allege the element of intent to defraud" (Report at 34 n.9) even though the "Counterclaim does not state that Plaintiff made these particular misrepresentations with the conscious intent to deceive the USPTO." *Id.* Plaintiff argues that "the determination that the element of intent to defraud can be implicitly read into the Counterclaim is contrary to case law, and to the requirement that fraud be alleged with particularity." Pl. Obj., at 8.

Federal Rule of Civil Procedure 9 requires "a party [alleging fraud upon the Patent and Trademark Office] [to] state with particularity the circumstances constituting fraud" (Pl. Obj., at 8 (citing Fed. R. Civ. P. 9(b)); *see also Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, No. 04-civ-5316, 2006 WL 2807213, at *4 (S.D.N.Y. Sept. 28, 2006)), however it also allows for "[m]alice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally." Fed. R. Civ. P. 9(b). While "the actual fraudulent statements or conduct and the fraud alleged must be stated with particularity…the requisite intent of the alleged speaker of the fraud need not be alleged with great specificity." *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 267 (2d Cir. 1996) (internal citations omitted)); *see also Auerbach v. Amir*, No. 06-civ-4821, 2008 WL 479361, at *8 (E.D.N.Y. Feb. 19, 2008) (citing *Cohen v. Koenig*, 25 F.3d 1168, 1174 (2d Cir. 1994)). Ferring's objections to the Report's conclusion that "allegations related to the Declaration may be read to implicitly allege the element of intent to defraud" (Pl. Obj., at 8) are overruled as a party is "permitted to demonstrate the scienter element by inference." *Mushahada Int'l USA, Inc. v. Access Point, Inc.*, No. 04-civ-5270, 2005 WL 1421620, at *3 (E.D.N.Y. June 17, 2005). The Court accepts the Report's conclusion that Fera's allegations, taken as true and viewed in the light most favorable to Fera, indicate conscious misbehavior on the part of Ferring

11

and that the Sixth Counterclaim has adequately pled intent to defraud. *See* Report, at 34; *see also Auerbach*, 2008 WL 479361, at *8 (citing *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)).

2. Registration Nos. 4,054,348 and 4,054,349

Fera objects to the Report's finding that its singular allegation in support of cancellation of Registration Nos. 4,054,348 and 4,054,349 fails to meet Rule 9(b)'s particularity requirements. Def. Obj., at 19 (citing Report, at 35). Fera argues that its "reference to the representation of arguments made in in the '088 registration fully comply with the requirements of 9(b) especially since Ferring itself relied on the exact same arguments set forth in the '088 registration which the Magistrate has already found sufficient to support a claim for fraud." Def. Obj., at 19 (emphasis in original). The Report correctly found that Fera's attempt to "incorporate by reference the allegations concerning Registration No. 3,232,008 to show that the subsequent registrations were obtained fraudulently" (Report, at 35) was still subject to Rule 9(b)'s particularity requirements and that Fera had not "state[d] with particularity the circumstances constituting fraud" (*id.*) with respect to Registration Nos. 4,054,348 and 4,054,349 as required by Rule 9(b) because Fera failed to "specify the statements that it contends were fraudulent...and explain why the statements were fraudulent." *See Louis Vuitton*, 2006 WL 2807213, at *4.

3. Leave to Amend

In its objections, Fera requests leave to amend and attaches a proposed amended pleading amplifying the allegations of fraud relating to Registration Nos. 4,054,348 and 4,054,349. *See* Docket Entry No. 109-3 (Ex. B to Def. Obj. ("Proposed Amended Pleading") ¶¶ 166-185). Ferring argues that Fera should not be allowed leave to amend because it did not specifically object to the portion of the Report recommending denial of leave to amend, and that allowing

12

Fera to amend its pleadings at this stage would unduly delay the proceedings and undermine the authority of the magistrate judge because Fera did not present its proposed amended pleading to the magistrate judge in its opposition to Ferring's motion to dismiss. Pl. Resp. to Def. Obj., at 8.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend pleadings shall be "freely given when justice so requires." Fed. R. Civ. P. 15. The decision whether to grant or deny a motion to amend is made at the discretion of the Court, taking into consideration such factors as "futility, bad faith, undue delay, or prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). In making this determination, the Court should not consider the substantive merits of a claim or defense unless the proposed amendment is "clearly frivolous or legally insufficient on its face." *Sterling v. Interlake Indus. Inc.*, 154 F.R.D. 579, 589 (E.D.N.Y. 1994). The party opposing an amendment has the burden of establishing prejudice or futility. *Becket v. Village of Freeport*, No. 11-civ-2163, 2014 WL 1330557, at *5 (E.D.N.Y. Mar. 31, 2014) (collecting cases).

Fera's request to add additional allegations of fraud regarding Registration Nos. 4,054,348, and 4,054,349 is untimely as Fera failed to request leave to amend with specificity in response to the motion to dismiss. Docket Entry No. 59 (Memorandum of Law in Opposition to Plaintiff's Motion to Dismiss the Fifth and Sixth Counterclaims), at 11. District courts generally do not consider untimely arguments submitted as objections that were not raised before the Magistrate Judge. *See Abu-Nassar v. Elders Futures*, 1994 WL 445638 at *4, n. 2 (S.D.N.Y. August 17, 1994). However, as the Sixth Counterclaim is proceeding as to Registration No. 3,232,088 and the basis for Fera's claims of fraud relating to Registration Nos. 4,054,348 and 4,054,349 is that the registrations incorporate the fraud relating to Registration No. 3,232,088, Fera is granted leave to amend its pleadings because the outcome of Fera's fraud counterclaim as

to Registration No. 3,232,088 has implications for Registration Nos. 4,054,348, and 4,054,349, which purportedly relied upon Registration No. 3,232,088. Moreover, the proposed changes to the Sixth Counterclaim are not clearly frivolous or legally insufficient (Proposed Amended Pleading ¶¶ 166-185), there is no evidence of bad faith on Fera's part, and allowing Fera to amend to add more detailed allegations regarding Registration Nos. 4,054,348 and 4,054,349 will not prejudice Ferring or unduly delay the proceedings as the Court has ordered that "[a]ll discovery deadlines previously set" be "stayed until 2 months after Magistrate Tomlinson issues a report and recommendation on the pending motions to dismiss." Case No. 14-civ-1653, Docket Entry No. 42.[5] Based on the Proposed Amended Pleading, "the possibility exists that [Fera's pleading] defect can be cured and there is no prejudice to the [Ferring]" (*see Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir. 1991)); therefore Fera's request for leave to amend its Sixth Counterclaim is granted. Fera must file its amended Sixth Counterclaim no later than April 24, 2015.

III. CONCLUSION

For the foregoing reasons, plaintiff's motion to dismiss defendant's Fifth Counterclaim is granted in its entirety, and plaintiff's motion to dismiss the Sixth Counterclaim is denied as to Registration No. 3,232,088, and granted as to Registration Nos. 4,054,348 and 4,054,349 without prejudice to defendant filing an amended Sixth Counterclaim in no event later than April 24, 2015.

**SO ORDERED.**

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: March 24, 2015
Central Islip, New York

---

[5] Case Number 14-civ-1653 was consolidated with this case on July 15, 2014. Case No. 14-civ-1653, Docket Entry No. 42.