UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FERRING B.V.,

                Plaintiff,

   -against-

FERA PHARMACEUTICALS, LLC,

               Defendants.
----------------------------------------------------------X

**ORDER**
13-CV-4640 (SJF)(AKT)

FILED
CLERK
9/10/2015 2:42 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

FEUERSTEIN, J.

On August 19, 2013, plaintiff Ferring B.V. ("plaintiff" or "Ferring") commenced this action against defendant Fera Pharmaceuticals, LLC ("defendant" or "Fera"), alleging trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and the common law. [Docket Entry No. 1 ("Complaint")]. In its answer, Fera asserted four counterclaims [Docket Entry No. 15 ("Answer and Counterclaims")],[1] which plaintiff moved to dismiss. [Docket Entry No. 37 ("Motion to Dismiss")]. The Motion to Dismiss was referred to Magistrate Judge A. Kathleen Tomlinson on May 27, 2014. [Electronic Order, May 27, 2014]. On September 29, 2014, this Court adopted Magistrate Judge Tomlinson's Report and Recommendation dated August 13, 2014 [Docket Entry No. 78 ("Report")],[2] and denied

---

[1] After filing its initial answer and counterclaims, defendant filed an amended answer and counterclaims, which pled two additional counterclaims ("Fifth and Sixth Counterclaims") but did not amend the First, Second, Third or Fourth Counterclaims. [Docket Entry No. 46 ("Amended Answer and Counterclaims")]. Plaintiff's motion to dismiss the Fifth and Sixth Counterclaims [Docket Entry No. 57] was referred to Magistrate Judge Tomlinson for a Report and Recommendation. [Electronic Order, May 27, 2014]. On March 24, 2015, this Court accepted Magistrate Judge Tomlinson's Report and Recommendation and dismissed defendant's Fifth Counterclaim without leave to amend, and dismissed Sixth Counterclaim but only as to two registrations and without prejudice to defendant filing an amended Sixth Counterclaim. [Docket Entry No. 115].

[2] The facts underlying this action are set forth in the Report and are hereby incorporated by reference.

1

plaintiff's motion to strike the First and Second Counterclaims, granted plaintiff's motion to dismiss the Third Counterclaim except as to one registration, granted plaintiff's motion to dismiss the Fourth Counterclaim, and denied defendant leave to amend. [Docket Entry No. 89 ("Order")]. Before the Court is Fera's motion for reconsideration of the Order under Local Rule 6.3 of the Southern and Eastern Districts and Rules 54(b) and 60(b)[3] of the Federal Rules of Civil Procedure. [Docket Entry No. 101 ("Motion for Reconsideration")]. For the reasons set forth below, the Motion for Reconsideration is granted, but upon reconsideration, the Court adheres to its original decision.

I. DISCUSSION

A. Standard of Review

Rule 54(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "any order or other decision…that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). In this district, motions for reconsideration are

---

[3] While Fera purports to bring this motion under Rule 60(b) of the Federal Rules of Civil Procedure, "Rule 60(b) [is] inapplicable to the pending motion" because it "applies to motions seeking relief from a final judgment, order, or proceeding" and "[n]o such final judgment or order exists in this case, as pursuant to Rule 54(b), this Court did not enter a judgment following its ruling on the motions to dismiss." *McGee v. Dunn*, 940 F. Supp. 2d 93, 98 n.2 (S.D.N.Y. 2013); *see also Harris v. Millington*, No. 14-civ-2684, 2015 WL 3480123, at *1 (2d Cir. June 3, 2015) (Rule 60(b) "applies only to final orders and judgments" and "[t]he district court's entry of judgment, following its grant of summary judgment, was not final because…counterclaim remained pending, and the court did not direct entry of a final judgment pursuant to Rule 54(b)" and therefore Rule 60(b) was inapplicable to the motion [for reconsideration], which [was] construe[d] as having been brought under the district court's Local Rule 6.3."); *Williams v. Cnty. of Nassau*, 779 F. Supp. 2d 276, 280 n.2 (E.D.N.Y. 2011), *aff'd*, 581 F. App'x 56 (2d Cir. 2014) (Rule 60(b) not applicable to motion for reconsideration of Order denying in part and granting in part defendants' motion for summary judgment, which was non-final, interlocutory, and non-appealable).

2

governed by Local Civil Rule 6.3 ("Local Rule 6.3"), which provides, in relevant part, that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion….[and] with…a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked."  Local Rule 6.3.  The requirements of Local Rule 6.3 are "narrowly construed and strictly applied" (*Chepilko v. Cigna Life Ins. Co. of N.Y.*, 952 F.Supp.2d 629, 631 (S.D.N.Y. 2013), *aff'd*, 590 F. App'x 98 (2d Cir. 2015) (quotations and citations omitted); *see also U.S. v. Yudong Zhu*, 41 F.Supp.3d 341, 342 (S.D.N.Y. 2014)), "so as to avoid duplicative rulings on previously considered issues, and to prevent Rule 6.3 from being used to advance different theories not previously argued or as a substitute for appealing a final judgment." *Anwar v. Fairfield Greenwich Ltd.*, 950 F.Supp.2d 633, 638 (S.D.N.Y. 2013). "Federal Rule of Civil Procedure 54(b) and Local Rule 6.3…enable a district court to revise a non-final order in certain circumstances.  The Second Circuit has 'limited district courts' reconsideration of earlier decisions,' holding that 'those decisions may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *Malibu Media, LLC v. Doe*, No. 15-civ-1862, 2015 WL 4271825, at *1 (S.D.N.Y. July 14, 2015) (citing *In re Fannie Mae 2008 ERISA Litig.*, No. 09-civ-1350, 2014 WL 1577769, at *3 (S.D.N.Y. Apr. 21, 2014) (quoting *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003))).  "[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Goodman v. AssetMark, Inc.*, 53 F.Supp.3d 583, 585-86 (E.D.N.Y. 2014) (internal quotations and citation omitted)).

"The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012), *cert. denied*, – U.S. – , 133 S.Ct. 1805, 185 L.Ed.2d 812 (2013) (accord). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted); *see also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013). Generally, reconsideration will not be granted where the moving party: (1) seeks to introduce additional facts not in the record on the original motion (*see Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) (motions for reconsideration "are not vehicles for taking a second bite at the apple…and [the court] [should] not consider facts not in the record to be facts that [it] overlooked.'") (internal quotations and citation omitted); *Redd v. New York State Div. of Parole*, 923 F.Supp.2d 393, 396 (E.D.N.Y. 2013) (on a motion for reconsideration, the moving party must "demonstrate that any available factual matters…were presented to the court on the underlying motion" and such motions are "not intended as…a chance for a party to take a second bite at the apple.") (internal quotations and citations omitted)); (2) advances new arguments or issues that could have been raised on the original motion (*see Analytical Surveys*, 684 F.3d at 52 (holding that reconsideration "is not a vehicle for…presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple [.]'")

4

(quotations and citation omitted); *Redd*, 923 F.Supp.2d at 396 ("A motion for reconsideration is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion….") (quotations and citations omitted)); or (3) "seeks solely to relitigate an issue already decided" (*Shrader*, 70 F.3d at 257; *see also Analytical Surveys*, 684 F.3d at 52 (holding that reconsideration "is not a vehicle for relitigating old issues…") (quotations and citation omitted)). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. *See Callari v. Blackman Plumbing Supply, Inc.*, 988 F.Supp.2d 261, 287 (E.D.N.Y. 2013).

B.  Fera's Motion for Reconsideration

Pursuant to the Order, Fera's third counterclaim did not adequately plead a claim for cancellation of plaintiff's incontestable trademark registrations because "'failure to use' is not a valid ground for cancellation of an incontestable trademark under any provision of the Lanham Act." Order, at 8. Fera argues that reconsideration is proper because "the Court has, *inter alia*, overlooked the full range of Fera's pleadings as set forth in its Answer and Counterclaims and overlooked the import of the holdings in *Eurostar Inc. v. Euro Star Reitmoden*, 34 U.S.P.Q.2d 1266, 1995 WL 231387 (T.T.A.B. 1994) ("*Eurostar*") as applied to the pleadings herein." [Docket Entry No. 101-1 ("Def. Mem."), at 1].

Fera first argues that its Third Counterclaim adequately pled a claim for cancellation of Ferring's incontestable registrations because it pled non-use and because "non-use is a fact which provides the basis for relief under the Court's equitable powers." *Id*., at 4. For the first time on reconsideration, Fera argues that, despite failing to cite to 15 U.S.C. § 1115(b)(9) or mention any equitable grounds for relief in its counterclaims, its use of the term "*inter alia*" and citations to other sections of 15 U.S.C., and its incorporation by reference of prior allegations in

5

its Answer and Counterclaims, including its affirmative defenses alleging that "Plaintiff's claims are barred, in whole or in part, by laches and by estoppel" and that "equity prohibits enforcement of plaintiff's marks against use of the Fera marks" (Answer and Counterclaims ¶¶ 66-69), adequately pleads a claim for cancellation of plaintiff's incontestable registrations on equitable grounds pursuant to 15 U.S.C. § 1115(b)(9). Fera's argument must be denied not only because its attempt now, upon motion for reconsideration, to scour its Answer and Counterclaims for references to equitable principles "advances new arguments or issues that could have been raised on the original motion" (*Analytical Surveys*, 684 F.3d at 52), but also because Fera has still not established that its "allegations of several equitable principles" (Def. Mem., at 6) elsewhere in its pleadings provide a basis for cancellation of plaintiff's incontestable trademarks "based on plaintiff's failure to use [the trademark registrations] in the marketplace…" Answer and Counterclaims ¶ 117. As this Court has previously observed, "the Supreme Court has found that this 'power of the courts to cancel registrations and to otherwise rectify the register,' § 37, 15 U.S.C. § 1119, must be subject to the specific provisions concerning incontestability.'" Order, at 4 (citing *Park 'N Fly v. Dollar Park and Fly*, 469 U.S. 189, 203, 105 S. Ct. 658, 666, 83 L. Ed. 2d 582 (1985)).

Fera also argues that the Court "has misapplied *Eurostar* which is clearly applicable to Fera's Third Counterclaim" [Docket Entry No. 103 ("Def. Reply"), at 5], because "a claim for cancellation[4] of any trademark registration pursuant to 15 U.S.C. § 1068 does not require a

---

[4] Fera's Third Counterclaim pled a claim for full cancellation of certain of Ferring's trademarks. Fera's argument in its Motion for Reconsideration that its Third Counterclaim pled a claim for cancellation in whole or in part because it "pleads relief under 15 U.S.C. § 1068 and that statute permits, among other items, cancellation in whole *or* in part and/or modification of the registration by limiting the goods or services specified therein to reflect how they are actually used in commerce" (Def. Reply, at 5) (emphasis in original) is belied by Fera's own language in its counterclaims which indicate that the Third Counterclaim was for full cancellation based on failure to use and the Fourth Counterclaim was for partial

specific ground listed in 15 U.S.C. § 1115(b) and 15 U.S.C. § 1064" (*id.*, at 1) and that under Section 18, a Court can cancel an incontestable trademark upon any equitable ground, whether or not enumerated in the Lanham Act. However, Fera has not demonstrated that the Court misapplied *Eurostar*, a case which spoke only to *partial* cancellation or restrictions[5] and did not alter the general rule that to prevail on a cancellation claim in the federal courts, "[t]he party seeking cancellation must prove two elements: (1) that it has standing; and (2) that there are valid grounds for canceling the registration." *Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 945 (Fed. Cir. 2000). "[W]hile Section 18 provides the authority to partially cancel, restrict or modify a registration, it must be construed together with the other statutory sections, such as Section 14." *Johnson & Johnson & Roc Int'l S.A.R.L.*, 104 U.S.P.Q.2d 2037, 2012 WL 2166311, at *3 (P.T.O. May 16, 2012). Following *Eurostar*, federal courts have continued to adhere to the rule that "once a trademark becomes incontestable it may…be cancelled…only on the basis of the…statutorily enumerated grounds in set forth in 15 U.S.C. § 1064." *Nw. Corp. v. Gabriel Mfg. Co.*, No. 95 C 2004, 1996 WL 251433, at *3-4 (N.D. Ill. May 8, 1996); *see also Aini v. Sun Taiyang Co.*, 964 F. Supp. 762, 780 (S.D.N.Y. 1997), *aff'd sub nom. Topiclear*

---

cancellation. *Compare* Answer and Counterclaims, at 17 (stating, underneath the heading entitled "THIRD COUNTERCLAIM" that it was "For Cancellation of Certain of Ferring's U.S. Trademark Registration" and requesting that the Court "cancel" the registrations "based on plaintiff's failure to use [the registrations]…")), *with id.*, at 18 (stating, underneath the heading entitled "FOURTH COUNTERCLAIM" that it was "For Partial-Cancellation of Certain of Ferring's U.S. Trademark Registration" and requesting that the Court "partially cancel" the registrations "to better describe the use of the mark in the marketplace by amending the disclaimers…").

5   *See Eurostar*, 1995 WL 231387, at *8 ("we should not have required parties merely seeking *restrictions in identifications* in an attempt to avoid a likelihood of confusion to assert a ground for cancellation (nonuse or abandonment)") (concurring opinion) (emphasis added); *Ideasone, Inc. v. Nationwide Better Health, Inc.*, 89 U.S.P.Q.2d 1952, 2009 WL 663070, at *3 (P.T.O. Mar. 12, 2009)("[t]he underlying intent of *Eurostar* was to overrule prior case law that did not require a pleading of likelihood of confusion to state a proper claim for *partial cancellation* under Section 18") (emphasis added).

*Beauty v. Sun Taiyang Co.*, 159 F.3d 1348 (2d Cir. 1998) ("courts may order cancellation *for any of the reasons enumerated in Section 14 of the Act, 15 U.S.C. § 1064*") (emphasis added); *Pepper Patch, Inc. v. Bell Buckle Country Store, Inc.*, No. 3:05-0328, 2006 WL 2037560, at *6 (M.D. Tenn. July 18, 2006) (in considering cancellation of a trademark registration, "a court is restricted to the grounds for administrative revocation of a trademark found in 15 U.S.C. § 1064").[6] The Court adheres to its original determination dismissing Fera's Third Counterclaim as to plaintiff's incontestable registrations because "failure to use" is not a valid ground for cancellation of incontestable trademarks. *See* Order, at 5-8.

While Fera requests reconsideration of the denial of leave to amend (*see* Def. Mem., at 8), it has not pointed to any "controlling decisions or data that the court overlooked" (*Shrader*, 70 F.3d at 257) in denying leave to amend due to Fera's failure to explain what allegations it would have added or amended to cure the deficits in its Counterclaims (Order, at 9; *see also TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (a party "need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how

---

[6] Moreover, even if *Eurostar* applied, Fera's Third Counterclaim failed to allege that likelihood of confusion would be avoided by cancellation, as required by *Eurostar*. *See Eurostar*, 1995 WL 231387, at *5 ("we should not exercise our authority under Section 18 to permit an action to restrict an application or registration where such a restriction is divorced from the question of likelihood of confusion"). Fera alleges that the commercial significance/likelihood of confusion element is satisfied "whether or not the Defendant specifically pleads that the modification or restriction requested in its counterclaim will avoid a likelihood of confusion" (Def. Mem., at 7) because *plaintiff* "has pled that the use of Fera's marks are likely to cause confusion with Plaintiff's marks and thus has provided the required commercial significance by the threat of liability if the present Court finds a likelihood of confusion." *Id*. The Court rejects Fera's argument in light of the language in *Eurostar* that "a party should be held to have established a proper case for restriction of an application or registration where, in a case involving likelihood of confusion, *it* pleads and proves that (i) the entry of a proposed restriction to the goods or services in its opponent's application or registration will avoid a finding of likelihood of confusion and (ii) the opponent is not using its mark on those goods or services that will be effectively excluded from the application or registration if the proposed restriction is entered." *Eurostar*, 1995 WL 231387, at *5 (emphasis added). Fera failed to plead any facts showing how the cancellation it sought would avoid a finding of likelihood of confusion.

amendment would cure the pleading deficiencies in its complaint")) and therefore, the Court adheres to its original decision denying leave to amend.

II. CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration is granted, but upon reconsideration, the Court adheres to its original decision.

**SO ORDERED.**

                                                s/ Sandra J. Feuerstein
                                                Sandra J. Feuerstein
                                                United States District Judge

Dated: September 10, 2015
       Central Islip, New York