UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FERRING B.V.,

                              Plaintiff,

                -against -

FERA PHARMACEUTICALS, LLC, PERRIGO
COMPANY, PERRIGO COMPANY PLC, PERRIGO
COMPANY OF TENNESSEE, and PERRIGO NEW
YORK, INC.,

                             Defendants.
-------------------------------------------------------------------X

**ORDER**

CV 13-4640 (SJF) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

Plaintiff Ferring B.V. ("Plaintiff") brings this consolidated trademark infringement action against Defendants Fera Pharmaceuticals, Inc. ("Fera"), Perrigo Company, Perrigo Company PLC, Perrigo Company of Tennessee, and Perrigo New York, Inc. (collectively, "Perrigo") (together with Fera, "Defendants"). This Order embodies the Court's rulings on documents submitted by Perrigo for *in camera* review pursuant to the Court's September 11, 2015 Civil Conference Minute Order ("CCMO"). *See* 9/11/15 CCMO [DE 138].

       **A.**      **Relevant Procedural History**

On May 27, 2015, Plaintiff filed two nearly identical motions to compel against Defendants. *See* DE 122, DE 123. Plaintiff's motions concerned, as relevant here, Defendants' failure to respond to discovery demands seeking information about the sale of Fera's ophthalmic portfolio to Perrigo and related negotiations conducted pursuant to an Asset Purchase Agreement ("APA") entered into by the Defendants. *See* DE 122 at 11; DE 123 at 4. In its discovery demands, Plaintiff sought the production of: (1) all documents relating to the sale of Fera's portfolio (Document Request No. 24 to Fera); (2) all correspondence between Fera and Perrigo

concerning the FERA trademarks (Document Request No. 25 to Fera); and (3) all documents relating to the negotiation of the APA (Document Request No. 26 to Fera and Document Request No. 23 to Perrigo). *See* DE 122 at 10-11; DE 123 at 4. However, Plaintiff stated in its motions that it agreed to limit the scope of these demands following a meet-and-confer with Defendants, though the parties were unable to resolve all of their objections. *See* DE 122 at 10-11; DE 123 at 4. Thus, Plaintiff sought Court intervention to compel Defendants to produce (1) documents identifying all inventory exchanged between Fera and Perrigo pursuant to the APA, and (2) documents and communications between Fera and Perrigo concerning the Opposition Proceeding before the TTAB and the instant consolidated action. *See id.*

During the September 3, 2015 motion hearing, the Court granted, in part, and denied, in part, Plaintiff's motions. *See* 9/11/15 CCMO. With respect to Plaintiff's request for documents and communications concerning the TTAB Opposition Proceeding and the instant action, the Court directed Defendants "to provide to the Court for *in camera* review all responsive documents which they have withheld on the grounds of the joint defense privilege or some other privilege, along with a privilege log." *Id.* ¶ 1(C)(ii). The Court further directed Defendants "to provide the Court with a copy of the Asset Purchase Agreement and the joint defense agreement for *in camera* review." *Id.* ¶ 1(C)(iii).[1]

On September 17, 2015, Defendants' counsel submitted to the Court the APA, along with

---

[1] With regard to Plaintiff's request for documents identifying all inventory exchanged between Fera and Perrigo, the Court directed Defendants to complete their supplemental production of responsive documents by September 10, 2015. 9/11/15 CCMO ¶ 1(C)(i). The Court also found "that Plaintiff is not entitled to any further inventory documents beyond the forementioned documents Defendants have agreed to produce." *Id.* The Court stated that "if after reviewing Defendants' production, Plaintiff's counsel feels he is entitled to additional documents, and the parties are unable to resolve the issue after a further meet-and-confer, Plaintiff may bring the issue(s) to the Court's attention." *Id.* No such motion was filed by Plaintiff.

2

documents withheld by Perrigo, and Perrigo's "Joint Defense Privilege Log." Defendants' counsel thereafter submitted additional documents for *in camera* review and a "Supplemental Joint Defense Privilege Log" on October 23, 2015. In his cover letter to the October 23, 2015 submission, Defendants' counsel states that the additional documents were identified "through the course of preparing the full privilege log for documents from the Perrigo defendants." Finally, Defendants' counsel also submitted "a revised version of the Joint Defense Privilege Log submitted on September 17, 2015" which, according to counsel, "has been revised to conform with the general Perrigo Privilege Log provided to plaintiff and more accurately reflect the attorney authors and the privilege being claimed."

### B. Preliminary Issues

Before discussing the *in camera* review of the documents submitted by Defendants' counsel, the Court first addresses some preliminary issues.

#### 1. *Plaintiff's September 22, 2015 Letter [DE 144]*

On September 22, 2015, Plaintiff filed a letter "in opposition" to the September 17, 2015 Joint Defense Privilege Log submitted by Defendants' counsel. *See* DE 144. Plaintiff's application, which seeks intervention from the Court, is procedurally defective since it was filed as a letter rather than a letter motion. However, given the passage of time, the Court will address Plaintiff's contentions regarding the September 17, 2015 privilege log and the documents referenced in it.

First, Plaintiff claims that, although it received the September 17, 2015 privilege log from Perrigo, "Fera has not provided us with a privilege log for any documents withheld on the basis of privilege." *Id.* at 1. In light of this fact, Plaintiff requests that the Court "[f]ind that Fera has waived the joint defense privilege or any other privilege with respect to documents responsive"

3

to Document Request Nos. 24 and 26 discussed in its motion to compel, and order Fera to produce the responsive documents. *Id.* at 2.

The Court declines at this time to find that Fera has waived privilege assertions with respect to the documents identified in the privilege logs and submitted to Chambers for *in camera* review. However, to the extent Fera is in possession of and has withheld documents identified in the September 17, 2015 Joint Defense Privilege Log and/or the October 23, 2015 Supplemental Joint Defense Privilege Log, the Court is directing Fera to provide Plaintiff with a privilege log within ten (10) days of this Order or face appropriate action by the Court.

Second, Plaintiff asserts that "[n]either the joint defense agreement nor documents to support the existence of a joint defense agreement has not been produced by Fera or the Perrigo Parties." DE 144 at 2. However, according to Defendants' counsel, Plaintiff's counsel has been provided with a copy of the APA on an "Attorneys Eyes Only" basis. *See* DE 126 & DE 127. As stated in their opposition to Plaintiff's motions to compel, Defendants believe "the APA . . . initiated a joint defense agreement" through its "indemnity provision" and other provisions. *Id.* at 3. The Court presumes that Fera and Perrigo never entered into a separate "joint defense agreement" outside the APA – which they were not required to do to establish the joint defense privilege – since no such document was produced to Plaintiff or submitted to the Court for *in camera* review. *See Am. Eagle Outfitters, Inc. v. Payless ShoeSource, Inc.*, No. 07- CV-1675, 2009 WL 3786210, at *2 (E.D.N.Y. Nov. 12, 2009) (stating that "[a] written collaboration agreement" is "not required" to establish joint defense privilege, though it "provides strong proof of such actual cooperation"). Thus, it appears that Plaintiff's counsel is in possession of the documents upon which Defendants rely to support their assertion of the joint defense privilege – *i.e.*, the APA.

Third, Plaintiff contends that "[w]hile the Perrigo Parties have produced a handful of documents related to the Asset Purchase Agreement with Fera, Fera has not produced documents related to negotiations of the Asset Purchase Agreement with Perrigo or communications with Perrigo about Ferring." DE 144 at 2. However, Fera was not required to produce such a broad set of documents. Plaintiff stated in its motion to compel that although the document requests it served on Fera sought, *inter alia*, (1) all documents relating to the sale of Fera's portfolio (Document Request No. 24), and (2) all documents relating to the negotiation of the APA (Document Request No. 26), Plaintiff subsequently agreed "to narrow the scope of responsive information." DE 123 at 4. Indeed, Plaintiff's motion only disputed Fera's failure to produce (1) documents identifying all inventory exchanged between Fera and Perrigo pursuant to the APA, and (2) documents and communications between Fera and Perrigo concerning the TTAB Opposition Proceeding and the instant consolidated action. *See id.* Although Plaintiff apparently agreed to narrow its requests "without waiver of its right to seek all responsive documents," *see id.*, Plaintiff never indicated to the Court during the September 3, 2015 motion hearing that it was, in fact, seeking "all responsive documents" sought in Document Request Nos. 24 and 26. *See* 9/11/15 CCMO ¶ 1(C). Thus, the Court only addressed Plaintiff's entitlement to the narrower categories of documents indicated in Plaintiff's motion. *See id.* Moreover, Plaintiff has not shown why it should now be entitled to discover documents "related to negotiations of Asset Purchase Agreement with Perrigo or communications with Perrigo about Ferring" which fall outside the narrower categories discussed in Plaintiff's motion and addressed by the Court during the motion hearing. DE 144 at 2.

2. ***Perrigo's "Revised Joint Defense Privilege Log"***

On October 23, 2015, Defendants' counsel submitted a "Revised Joint Defense Privilege

Log" which corresponds with the first set of documents Perrigo provided for *in camera* review on September 17, 2015. The revised privilege log does not add or subtract any documents. Rather, according to counsel, the log was "revised to conform with the general Perrigo Privilege Log provided to plaintiff and more accurately reflect the attorney authors and the privilege being claimed."

After reviewing both the original and revised privilege logs, as well as counsel's cover letter, the Court is at a loss to understand two things. First, Defendants' counsel has not adequately explained why the privilege log he provided to the Court on September 17, 2015 was different from the log provided to Plaintiff on September 22, 2015, such that the log provided to the Court needed to be "revised to conform with the general Perrigo Privilege Log provided to plaintiff." Second, the Court does not understand why counsel changed the privilege designations in the "Revised Joint Defense Privilege Log" to eliminate the assertion of the attorney work-product privilege (with the exception of one entry in the revised log). While the Court appreciates Perrigo's desire to revise the log to "more accurately reflect the attorney authors" of the communications listed in the log, the Court does not agree that the revised privilege log "more accurately reflects . . . the privilege being claimed."

### C. *In Camera* Review

The Court now turns to its *in camera* review of the materials submitted by Perrigo, which are comprised of emails and attached documents exchanged between respective counsel for Fera and Perrigo, as well as employees of Fera and Perrigo.

At the outset, the Court finds that the *in camera* documents come within the joint defense privilege (also referred to as the "common interest privilege" or "common interest doctrine"). *See Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 284 F.R.D. 132, 139 (S.D.N.Y.

2012). "The joint defense privilege is an exception to the general rule that disclosure of confidential privileged material to a third party waives any applicable privilege." *Millenium Health, LLC v. Gerlach*, No. 15-CV-7235, 2015 WL 9257444, at *2 (S.D.N.Y. Dec. 18, 2015) (citing *Fireman's Fund*, 284 F.R.D. at 139). "It serves to protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel." *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989). Moreover, the privilege exists "to protect the free flow of information from client to attorney . . . whenever multiple clients share a common interest about a legal matter." *Id.* at 243–44. "The rule may be invoked whether or not an action has been commenced, . . . and may also cover non-parties after an action has been commenced[.]" *Am. Eagle Outfitters*, 2009 WL 3786210, at *2; *see also Millenium Health*, 2015 WL 9257444, at *2 ("The joint defense privilege may apply as between two individuals within a joint defense effort, regardless of the presence of an attorney.").

    Here, the Court finds that that Defendants shared "a common legal interest" at the time of the communications in question, and that the communications were "made in the course of formulating a common legal strategy," such that the privilege protections which attached to them (if any) were not destroyed when the communications were exchanged between Defendants and their respective counsel. *Fireman's Fund*, 284 F.R.D. at 139-140 (internal quotation marks omitted); *see Am. Eagle Outfitters*, 2009 WL 3786210, at *2; *see generally Lugosch v. Congel*, 219 F.R.D. 220, 238 (N.D.N.Y. 2003) ("The common enterprise must be for a legal purpose, and not solely commercial, although it may possibly serve both purposes."). The Court further notes that, in light of the the indemnification provisions of the APA, Defendants' communications with each other regarding claims in this litigation would fall under the joint defense privilege. *See*

APA, art. X, §§ 10.1, 10.2; *see generally Am. Eagle Outfitters*, 2009 WL 3786210, at *3-*5 (in trademark infringement action, finding that the defendant and a non-party shared a common legal interest which was "fortified" by indemnification provision in the assignment agreement between those entities, and holding that "documents reflecting their communications with each other concerning the claims in this case are protected under the common interest rule and the work product doctrine").

However, it is well-settled that the joint defense privilege does not provide "an independent basis for privilege" — it is merely "an exception to the general rule that . . . privilege is waived when confidential information is communicated to a third party." *Am. Eagle Outfitters*, 2009 WL 3786210, at *2; *see, e.g.*, *Fireman's Fund*, 284 F.R.D. at 139 (stating that common interest doctrine "is not an independent source of privilege or confidentiality"). Thus, the party asserting that material is protected under the joint defense privilege must also demonstrate that it is protected by the attorney-client privilege and/or the attorney work-product doctrine. *See Fireman's Fund*, 284 F.R.D. at 139 ("'If a communication is not protected by the attorney-client privilege or the attorney work-product doctrine, the common interest doctrine does not apply.'") (quoting *Sokol v. Wyeth, Inc.*, No. 07-CV-8442, 2008 WL 3166662, *5 (S.D.N.Y. Aug. 4, 2008)) (internal alteration omitted); *see also Am. Eagle Outfitters*, 2009 WL 3786210, at *3 ("The existence of a common interest sufficient to invoke the protections of the common interest rule with respect to attorney-client communications typically also serves to extend work-product protection to work product shared among the parties who have that common interest.").

Here, Perrigo asserts that the documents listed in the September 17, 2015 "Joint Defense Privilege Log" and the October 23, 2015 "Supplemental Joint Defense Privilege Log" are

8

protected by the attorney-client privilege and/or the attorney work-product privilege. As discussed, Perrigo changed its privilege designations in the "Revised Joint Defense Privilege Log" to attorney-client privilege (with the exception of one entry which cites both attorney-client and attorney work-product privileges). To the extent the Court finds that attorney work-product protection applies to documents which Perrigo originally asserted were protected by that privilege, the Court will analyze those documents under the work-product privilege and will not address whether attorney-client privilege applies as well. The Court also notes "that neither the attorney-client privilege nor the work product privilege protects underlying facts." *Gucci Am., Inc. v. Guess?, Inc.*, No. 09-CV-4373, 2010 WL 2720015, at *3 (S.D.N.Y. June 29, 2010) (internal quotation marks omitted); *see, e.g.*, *Verizon Directories Corp. v. Yellow Book USA, Inc.*, No. 04-CV-251, 2004 WL 4054842, at *3 (E.D.N.Y. July 22, 2004) (same).

1. *Drafts of the APA*

A number of the documents listed in the privilege logs are draft versions of the APA with red-line edits. These documents are protected under the attorney work-product privilege. *See generally Aktiebolag v. Andrx Pharmaceuticals, Inc.*., 208 F.R.D. 92, 104 (S.D.N.Y.2002) (drafts of disseminated document constitute work product); *Riddell Sports, Inc. v. Brooks*, No. 92-CV-7851, 1995 WL 20260, at *2 (S.D.N.Y. Jan. 19, 1995) (draft agreement sent by attorney held to be work product) (citing *A.F.L. Falck, S.p.A. v. E.A. Karay Co.*, 131 F.R.D. 46, 49 (S.D.N.Y. 1990)). As discussed, Plaintiff's counsel has been provided with the final, executed APA on an "Attorneys' Eyes Only" basis. Moreover, drafts of the APA fall outside the two narrow categories of documents raised in Plaintiff's motion to compel and which were addressed by the Court during the September 3, 2016 motion hearing. *See* DE 122; 9/11/15 CCMO. The Court also finds that Plaintiff has not advanced any relevant argument which would compel the

production of such drafts.

Accordingly, the Court declines to compel Perrigo to produce the following documents: PERRIGO 5672-5715, PERRIGO 7104-7165, PERRIGO 7166-7228, PERRIGO 7365-7426, PERRIGO 7427-7489, PERRIGO 7755-7765, PERRIGO 7776-7837, PERRIGO 7838-7900, PERRIGO 8268-8328, PERRIGO 832908391, PERRIGO 8411-8420, PERRIGO 10388-10442, PERRIGO 10443-10503, PERRIGO 10637-10691, and PERRIGO 10692-10752.

### 2. *Other Documents Listed in the Revised Joint Defense Privilege Log*

- **PERRIGO 2318-2319**: These documents are privileged under the attorney work-product doctrine and need not be produced.

- **PERRIGO 6103**: This document is privileged under the attorney work-product doctrine and need not be produced.

- **PERRIGO 6355-6356, 6376-6377**: These documents contain legal advice regarding aspects of the APA and are protected by the attorney-client privilege.

- **PERRIGO 6755-6756**: This is correspondence between attorneys regarding legal questions related to the APA. These documents are covered by the attorney work-product privilege and need not be produced.

- **PERRIGO 6757-6761**: In light of the clarification in the Revised Joint Privilege Log that this communication was sent by Perrigo's counsel to Fera's counsel, and that it contains a draft agreement, the Court finds that it is privileged under the attorney work-product doctrine.

- **PERRIGO 6762-6767**: These documents are privileged under the attorney work-product doctrine and need not be produced.

- **PERRIGO 6779**: This is a covering email from one attorney to another conveying

attached documents. The email contains no language of a legal nature and only references the transmission of documents. The Court finds that this email is not protected by any privilege and must be produced to Plaintiff within ten (10) days of this Order.

- **PERRIGO 6780-6841**: Although this document is described in the privilege log as a "revised" APA, the document itself is labeled as the "Execution Version" and appears to be identical to the final APA already provided to Plaintiff's counsel. In any event, the Court will not require Perrigo to provide a duplicate copy of the APA to Plaintiff. Thus, these documents need not be produced.

- **PERRIGO 6842**: Although the Court finds nothing privileged in this document, it finds that the document has no bearing on the relevant discovery issues. Accordingly, the Court will not compel Perrigo to produce this document.

- **PERRIGO 6842, PERRIGO 6843-6854**: This is an email with an attached document described as a "Draft Sales Services Agreement." However, the document does not contain any redlining or otherwise reflect corrections by counsel. Nor does the email contain any privileged information. To the extent Perrigo still maintains that these documents are privileged, it must provide a further explanation in writing to the Court within ten (10) days of this Order. This submission may be filed *ex parte* via fax to Chambers at 631-712-5766.

- **PERRIGO 6855-6867**: These documents are privileged under the attorney work-product doctrine and need not be produced.

- **PERRIGO 6874**: This is a covering email from one attorney to another conveying attached documents. The email contains no language of a legal nature and only references the transmission of documents. The Court finds that this email is not protected

by any privilege and must be produced to Plaintiff within ten (10) days of this Order.

- **PERRIGO 6875-6876**: These documents are privileged under the attorney work-product doctrine and need not be produced.

- **PERRIGO 6877-6879**: These documents are privileged under the attorney work-product doctrine and need not be produced.

- **PERRIGO 7074**: This is a covering email from one attorney to another conveying attached documents. The email contains no language of a legal nature and only references the transmission of documents. The Court finds that this email is not protected by any privilege and must be produced to Plaintiff within ten (10) days of this Order.

- **PERRIGO 7075-7076**: In reviewing this material, the Court would agree that it is "confidential," but struggles with the notion that it is privileged. To the extent Perrigo still maintains that these documents are privileged, it must provide a further explanation in writing to the Court within ten (10) days of this Order. This submission may be filed *ex parte* via fax to Chambers at 631-712-5766.

- **PERRIGO 7077**: This is a covering email from one attorney to another conveying attached documents. The email contains no language of a legal nature and only references the transmission of documents. The Court finds that this email is not protected by any privilege and must be produced to Plaintiff within ten (10) days of this Order.

- **PERRIGO 7078-7079; 7090-7102**: These documents are privileged under the attorney work-product doctrine and need not be produced.

- **PERRIGO 7103**: This is a covering email from one attorney to another conveying attached documents. The email contains no language of a legal nature and only references the transmission of documents. The Court finds that this email is not protected

by any privilege and must be produced to Plaintiff within ten (10) days of this Order.

- **PERRIGO 7364**: This is a covering email from one attorney to another conveying attached documents. The email contains no language of a legal nature and only references the transmission of documents. The Court finds that this email is not protected by any privilege and must be produced to Plaintiff within ten (10) days of this Order.

- **PERRIGO 7753-7754**: These documents are privileged under the attorney work-product doctrine and need not be produced.

- **PERRIGO 7766**: In reviewing this material, the Court would agree that it is "confidential," but struggles with the notion that it is privileged. To the extent Perrigo still maintains that this document is privileged, it must provide a further explanation in writing to the Court within ten (10) days of this Order. This submission may be filed *ex parte* via fax to Chambers at 631-712-5766.

- **PERRIGO 7775**: This is a covering email from one attorney to another conveying attached documents. The email contains no language of a legal nature and only references the transmission of documents. The Court finds that this email is not protected by any privilege and must be produced to Plaintiff within ten (10) days of this Order.

- **PERRIGO 7937**: The Court finds that the contents of this communication are protected by the attorney-client privilege.

- **PERRIGO 7938-7940**: These documents are described in the log as "Draft Trademark Assignment." However, the documents do not contain any redlining or otherwise reflect corrections by counsel. To the extent Perrigo still maintains that these documents are privileged, it must provide a further explanation in writing to the Court within ten (10) days of this Order. This submission may be filed *ex parte* via fax to Chambers at 631-

712-5766.

- **PERRIGO 14449-14451**: These documents are privileged under the attorney work-product doctrine and need not be produced.

- **PERRIGO 14452-14456**: This is a letter sent by Perrigo's counsel to Fera's counsel along with a "revised" agreement. However, this does not appear to be work product as there is no indication that the agreement is a draft. Nor does the Court see how the documents are covered by the attorney-client privilege. To the extent Perrigo still maintains that these documents are privileged, it must provide a further explanation in writing to the Court within ten (10) days of this Order. This submission may be filed *ex parte* via fax to Chambers at 631-712-5766.

- **PERRIGO 14457-14460**: These documents are privileged under the attorney work-product doctrine and need not be produced.

- **PERRIGO 14661-14523**: Although this document is described in the privilege log as a "draft" APA, the document itself is labeled as the "Execution Version" and appears to be identical to the final APA already provided to Plaintiff's counsel. In any event, the Court will not require Perrigo to provide a duplicate copy of the APA to Plaintiff. Thus, these documents need not be produced.

   3.   *Other Documents Listed in the Supplemental Joint Defense Privilege Log*

- **PERRIGO 6134-6196**: Although this document is described in the privilege log as a "draft" APA, the document itself is labeled as the "Execution Version" and appears to be identical to the final APA already provided to Plaintiff's counsel. In any event, the Court will not require Perrigo to provide a duplicate copy of the APA to Plaintiff. Thus, these documents need not be produced.

- **PERRIGO 7675-7678; 7679-7689; 7690-7692; 7693-7702**: These documents are privileged under the attorney work-product doctrine and need not be produced.

- **PERRIGO 7712-7714**: This is a letter sent by Fera's counsel to Perrigo's counsel regarding the APA. Although the letter is described as a "draft" in the log, it contains no indication that it is, in fact, a draft and instead appears to be a final document. On that basis, the letter does not appear to be privileged. To the extent Perrigo still maintains that these documents are privileged, it must provide a further explanation in writing to the Court within ten (10) days of this Order. This submission may be filed *ex parte* via fax to Chambers at 631-712-5766.

- **PERRIGO 7715-7718; 7734-7736**: These documents are privileged under the attorney work-product doctrine and need not be produced.

- **PERRIGO 10692-10752**: These documents are privileged under the attorney work-product doctrine and need not be produced.

Any documents which the Court has directed Perrigo to turn over to Plaintiff must be produced within ten (10) days of this Order. Moreover, to the extent Perrigo maintains its privilege assertion as to documents the Court has identified as needing further explanation, Perrigo's counsel must file that explanation as an *ex parte* submission via fax to Chambers within ten (10) days of this Order. Failure to comply with this deadline will result in a waiver of the asserted privilege in the withheld information.

**SO ORDERED.**

Dated: Central Islip, New York
September 27, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge